FILED

2026 Jun-23  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOHNSON CHRISTOPHER JAMERSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No.5:25-cv-1737-AMM-HNJ** |
| **v.** | ) | |
| | ) | |
| **KEVIN TURNER,** | ) | |
| *Sheriff of Madison County, AL* | ) | |
| | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

The magistrate judge entered a report on May 5, 2026, Doc. 12, recommending that petitioner Johnson Christopher Jamerson's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 4, be denied and his claims dismissed without prejudice to allow Mr. Jamerson an opportunity to exhaust his claims in state court. The court received Mr. Jamerson's objections on May 18, 2026. Doc. 13.

Mr. Jamerson first argues the magistrate judge failed to address Mr. Jamerson's right to file a habeas corpus petition on his own behalf in Alabama state court. Doc. 13 at 2–4. However, Mr. Jamerson does not contend, and the record before the court does not establish, that he has exhausted his claims before the

Alabama state courts. *See id.* Accordingly, his petition should be denied for his failure to exhaust state court remedies, and his objection is **OVERRULED**.

Mr. Jamerson next argues the magistrate judge failed to address the merits of his claims. Doc. 13 at 5–7. As explained in the magistrate judge's report and recommendation, Mr. Jamerson must first exhaust his claims in state court. *See* Doc. 12 at 6–12.  Mr. Jamerson's objection on this basis is also **OVERRULED**.

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Jamerson's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Jamerson's Section 2241 habeas petition, Doc. 4, is due to be denied, and his claims are due to be dismissed without prejudice for his failure to exhaust state court remedies prior to filing his petition. A final judgment will be entered.

**DONE** and **ORDERED** this 23rd day of June, 2026.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

2